CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 12 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN OTHA HOGE, | ) |
| Petitioner, | ) Civil Action No. 7:18cv00466 |
| v. | ) MEMORANDUM OPINION |
| DANA RATLIFFE-WALKER, | ) By: Hon. Jackson L. Kiser |
| Respondent. | ) Senior United States District Judge |

John Otha Hoge, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge his 2015 criminal judgment entered by the Circuit Court of Rockingham County. This matter is before me on respondent's motion to dismiss. After reviewing the record, I conclude that respondent's motion must be granted and Hoge's § 2254 petition must be dismissed as time-barred.

**I.**

On March 9, 2015, after a jury trial, the Circuit Court of Rockingham County entered a final order convicting Hoge of carnal knowledge of a 13-year-old, in violation of Virginia Code § 18.2-63, and sentenced him to ten years of incarceration. Hoge appealed, challenging the sufficiency of the evidence, and the Court of Appeals of Virginia denied his appeal. Hoge further appealed to the Supreme Court of Virginia, which refused his appeal on August 31, 2016. The online docket of the Supreme Court of the United States shows that Hoge did not file a petition for writ of certiorari. On July 2, 2018, Hoge filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, and the court denied the petition as untimely filed on August 30, 2018. Hoge filed the instant federal habeas petition no earlier than September 5, 2018, alleging that the evidence was insufficient to support his conviction and that counsel was ineffective at

trial and in failing to notify him that his appeal had been denied.

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has a one-year period of limitation to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Hoge alleges nothing to support application of § 2244(d)(1)(B)-(D).[1] Under § 2244(d)(1)(A), Hoge's conviction became final on November 29, 2016, when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired. Therefore, Hoge had until November 29, 2017, to file a timely federal habeas petition. Hoge filed his federal habeas petition on September 5, 2018.

Hoge's state habeas petition afforded him no statutory tolling under § 2244(d)(2), because he did not file it until July 2, 2018, approximately 215 days after the one-year limitations

---

[1] To the extent Hoge's allegations concerning equitable tolling could be construed as an argument that the statute of limitations should begin to run on another date under § 2244(d)(1)(D), any such argument fails because, as discussed herein, he has not demonstrated that he diligently pursued discovery his claims.

2

period expired.[2] Thus, Hoge's federal habeas petition is time-barred unless he demonstrates that the court should equitably toll the limitations period, Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003), or that he is actually innocent of his conviction, McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse, 339 F.3d. at 246 (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). The Fourth Circuit defines diligence as "the diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." Lawrence v. Lynch, 826 F.3d 198, 204 (4th Cir. 2016) (quoting Diligence, Black's Law Dictionary (10th Ed. 2014)).

---

[2] Moreover, the state habeas petition affords him no statutory tolling because it was not properly filed. Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction review or other state collateral proceeding is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). Hoge's state habeas petition was dismissed as time-barred. A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. Pace, 544 U.S. at 414 (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

3

Hoge's appeal to the Supreme Court of Virginia was filed in December 2015 and was refused by that court on August 31, 2016. In support of his equitable-tolling argument, Hoge alleges that he did not know that his appeal had been refused until September 5, 2017, because counsel failed to notify him. On October 13, 2017, the Supreme Court of Virginia responded to a letter from Hoge dated September 5, 2017, and advised him that his appeal had been refused more than a year earlier. Hoge does not allege that he could not have discovered this publicly available information sooner than he claims he did. He also does not allege that he inquired, either to the court or to counsel, as to the status of his appeal anytime before September 5, 2017, or that any inquiries to the court or counsel went unanswered.

Counsel's failure to notify Hoge about the final disposition of his direct appeal did not rise to the level of an extraordinary circumstance so as to justify equitable tolling. See, e.g., Cooper v. Joyner, No. 8:18-cv-2692, 2019 U.S. Dist. LEXIS 139139, at *21, 2019 WL 3841936, at *4 (D.S.C. June 21, 2019); LaCava v. Kyler, 398 F.3d 271, 276-77 (3d Cir. 2005); Wakeel v. Ferguson, No. 18-3050, 2019 U.S. Dist. LEXIS 33106, at *14, 2019 WL 2550528, at *5 (E.D. Pa. Feb. 27, 2019). Further, even if Hoge could demonstrate an extraordinary circumstance beyond his control, he has not demonstrated that he has diligently pursued his federal claims. The only effort described by Hoge was his September 5, 2017, letter to the Supreme Court of Virginia, which he sent nearly two years after his appeal was filed. Based on Hoge's allegations and the evidence before me, I cannot find that Hoge diligently pursued his federal claims. Accordingly, I find no basis to equitably toll the limitations period.

Finally, a gateway claim of actual innocence requires a petitioner to produce new, reliable evidence sufficient to persuade the court that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt to overcome a time-bar restriction. McQuiggin, 569 U.S. at 386 (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)). Hoge has not presented any new

4

evidence in his federal habeas petition and, thus, has not plausibly alleged a basis for excusing his untimely filing. Accordingly, I conclude that Hoge's federal habeas petition is time-barred.

### III.

Based on the foregoing, I will grant respondent's motion to dismiss.

**ENTERED** this 12th day of September, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE